IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–00748–MSK–KMT

SHANNON PEACE,

    Plaintiff,

v.

PARASCRIPT MANAGEMENT, INC., a Wyoming Corporation, and
DOES 1 THROUGH 10, inclusive,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion for Leave to File Amended Complaint." (Doc. No. 28, filed July 19, 2013.)  Defendants filed their Response on August 12, 2013 (Doc. No. 31) and Plaintiff filed her Reply on August 26, 2013 (Doc. No. 32).  For the following reasons, Plaintiff's Motion to Amend is GRANTED.

    Plaintiff seeks to amend his Complaint to add Parascript, LLC as a Defendant and to add a claim for promissory estoppel. (Mot. at 2.)  Plaintiff also seeks to drop the defendants currently denominated as "Does 1 through 10, inclusive," and to "ensure that the claims are properly pleaded under Colorado law." (*Id.*)

    Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen*

*Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.,* 712 F.2d 444, 446 (10th Cir. 1983).

At the Scheduling Conference held on June 6, 2013, the court set the deadline for amendment of pleadings and joinder of parties for July 22, 2013. (*See* Doc. No. 16.) Accordingly, Plaintiff's Motion to Amend is timely. Further, Defendant does not object to Plaintiff's Motion to the extent that it seeks to drop the unidentified Doe Defendants, add Parascript LLC as a defendant, or ensure that the claims are properly pleaded under Colorado law.

Defendant instead argues that Plaintiff's Motion to Amend is properly denied as futile to the extent that it seeks to add a claim for promissory estoppel. More specifically, Defendant argues that Plaintiff's proposed promissory estoppel claim is futile because the parties have an enforceable contract—namely, the Second Amended and Restated Limited Liability Company Operating Agreement of Horus Capital Management, LLC (Resp., Ex. A [hereinafter, the "Operating Agreement"]).

"Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the [] court may deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel,* 242 F.3d 1237, 1239-40 (10th Cir. 2001). Thus, the court may reject a proposed amendment if it fails to state a claim for relief, *Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999), or would not survive a motion for summary judgment, *Watson,* 242 F.3d at 1239.

The court finds that, Defendant has failed to demonstrate at this juncture that Plaintiff's promissory estoppel claim is futile. Promissory estoppel "is a contract implied in law where no contract exists in fact" and thus is "applied in lieu of a formal contract." *Tiberi v. Cigna Corp.,* 89 F.3d 1423, 1432 (10th Cir. 1996) (citations omitted). Thus, Defendant is correct that where "a contract exists between the two parties, the doctrine is inapplicable." *Id.* Here, however, Defendant has failed to establish that the Operating Agreement constitutes an enforceable contract between Plaintiff and Defendant. Notably, Defendant is not a signatory to the Operating Agreement, and Defendant has not otherwise demonstrated, through testimony or other evidence, that the Operating Agreement is somehow binding between the parties. Indeed, although Plaintiff acknowledges that the Operating Agreement is relevant *evidence* of his employment agreement with Defendant, he disputes that it constitutes a binding contract between them that governs this matter. Accordingly, the court finds that Defendant has not sustained its burden of demonstrating that it would be entitled to summary judgment on Plaintiff's proposed promissory estoppel claim.

Otherwise, the court agrees with Plaintiff that he is entitled to plead claims in the alternative, regardless of consistency, even though he ultimately will not necessarily be able to recover on all of those claims. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *Murray v. Crawford,* No. 08-cv-02045-KMT-KLM, 2009 WL 1837445, at *4 (D. Colo. June 26, 2009) (complaint properly pleaded, in the alternative, claims for breach of contract and promissory estoppel). So long as one of those alternative claims is sufficient, the pleading is sufficient. *See* Fed. R. Civ. P. 8(d)(2). As such, the mere fact that Plaintiff's Complaint also pleads that Plaintiff entered an enforceable contract with Defendant does not render his proposed promissory estoppel claim futile.[1] Therefore, the court finds that Defendant has failed to establish that Plaintiff's proposed promissory estoppel claim fails to state a claim for relief.

Accordingly, it is

ORDERED that Plaintiff's "Motion for Leave to File Amended Complaint" (Doc. No. 28)

---

[1] Indeed, it appears that Plaintiff's attempt to add an alternative claim for promissory estoppel may be based upon the fact that Defendant has summarily denied all of Plaintiff's allegations (*see* State Court Answer, Doc. No. 3 at 46-52, at 47), including those relating to whether an enforceable contract existed between the parties (*see* Compl., Doc. No. 3 at 11-19, ¶¶ 17-25).

is GRANTED. The Clerk of Court is directed to file Plaintiff's Amended Complaint and Jury Demand (Doc. No. 28-1).

Dated this 18th day of October, 2013.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge